UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JENNIFER PAPE, in her individual capacity and on
behalf of others similarly situated,

Case No.:

Plaintiff,

COMPLAINT

- against -

THE SUFFOLK COUNTY SOCIETY FOR THE
PREVENTION OF CRUELTY TO ANIMALS,

JURY TRIAL DEMANDED

Defendant.

Plaintiff, **JENNIFER PAPE**, by and through her attorneys, **ZABELL &**
**COLLOTTA, P.C.**, complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. While **THE SUFFOLK COUNTY SOCIETY FOR THE PREVENTION OF**
**CRUELTY TO ANIMALS** ("SCSPCA", "Agency" or "Defendant") may be "dedicated
to protecting the rights, safety and well-being of our animal friends as well as
upholding and enforcing Article 26 of the Agriculture and Markets Law of the State
of New York"[1], the Agency, as a matter of practice, violates the rights of its employees.

2. Defendant, amongst other acts and omissions discussed below, fails to
compensate its Employees, like Plaintiff, at the appropriate minimum wage rate of
pay, fails to provide overtime compensation at a rate not less than time and one half
their hourly rate of pay for hours worked in excess of forty (40) per week, fails to track
and record employee work hours. The net effect being Defendant systematically

---

[1] This statement is a verbatim recitation of the Agency's "Mission Statement" obtained from its
website, "http://suffolkspca.org."

denies its employees basic rights and entitlements which are guaranteed under Federal, State, and Local labor laws.

3.      Accordingly, Ms. Pape brings this action, on behalf of herself and other similarly situated employees and/or former employees of the SCSPCA, seeking monetary damages, declaratory relief, and affirmative relief based upon Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq.*; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2; and other appropriate rules, regulations, statutes and ordinances.

4.      Therefore, Ms. Pape alleges, pursuant to the FLSA and NYLL, that she is entitled to recover from Defendant, for herself and on behalf of all similarly situated employees: (1) overtime compensation for all hours worked in excess of forty (40) hours per week; (2) damages for Defendant's failure to compensate her at the applicable minimum wage rate of pay; (3) unpaid "spread-of-hours" compensation; (4) liquidated damages; and (5) an award of attorneys' fees and costs.

5.      Ms. Pape also alleges, pursuant to the FLSA and NYLL, that she is entitled to recover from Defendant, for herself, damages stemming from Defendant's retaliatory actions undertaken in the immediate wake of her wage and hour complaints.

6.      In addition to her wage and hour claims, Plaintiff was subject to unlawful, gender-based discrimination and retaliated against for engaging in statutorily protected activity all of which occurring in violation of The New York State Human Rights Law, N.Y. Executive Law § 296, et seq. ("NYSHRL").

## II.   JURISDICTION & VENUE

7.   This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

8.   This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

9.   This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York, Suffolk County.

10.   This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.   PARTIES

11.   Plaintiff, **JENNIFER PAPE** ("Plaintiff"), is a domiciliary of the State of New York residing in Suffolk County.

12.   At all times relevant to the Complaint, Plaintiff was an "employee" of Defendant within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

13.   The SCSPCA is a domestic not-for-profit corporation with offices located at North County Complex, 725 Veterans Memorial Hwy., Bldg. 16, Hauppauge, NY 11788

14.   At all times relevant herein, Defendant acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

15.     At all times relevant herein, the SCSPCA is an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2).

16.     At all times relevant herein, SCSPCA employed more than two (2) employees and had a gross annual dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00) (exclusive of excise taxes at the retail level that are separately stated).

17.     At all times relevant herein, Defendant employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.     At all times relevant herein, Defendant employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 2073(b), (g), (i), and (j) in connection with the operation of SCSPCA as a private, non-profit organization.

## IV.     FACTUAL ALLEGATIONS

### *Wage and Hour Allegations*

19.     Defendant SCSPCA is a private, not-for-profit agency, dedicated to protecting the rights, safety and well-being animals.

20.     After volunteering at SCSPCA between 2015 and 2017, Plaintiff was hired by Defendant in January 2018.

21.　Plaintiff commenced work and was assigned to Defendant's offices in early January and continued in that capacity through February 2018.

22.　At the time of her hire, Plaintiff was advised Defendant would reimburse her for her uniforms and job related equipment.

23.　Plaintiff was compensated at the rate of $17.00 per hour and was at all times, eligible for overtime compensation.

24.　From early January through early February 2018, Plaintiff worked between forty (40) and fifty (50) hours per week.

25.　Despite this fact, she did not receive compensation at a rate not less than time and one half her regular rate of pay for all hours worked over forty (40) per week.

26.　In addition, Defendant failed to record or track Plaintiff's work hours during this time period.

27.　Shortly after her hire, Plaintiff was assigned by Defendant to the Suffolk County Sheriff's Department Training Academy ("Training Academy") for training as a "Peace Officer" with the ultimate assignment being an Investigator for the SCSPCA.

28.　Plaintiff attended the Training Academy from on or about February 6, 2018 through March 15, 2018.

29.　During Plaintiff's period of training, she worked no fewer than forty-five (45) hours per week; ranging between forty-five (45) and sixty-five (65) hours of work per week.

30.　Plaintiff received no compensation during her time in the Training Academy.

31.   Upon information and belief, neither Defendant, nor the Training Academy tracked or recorded Plaintiff's work hours.

32.   Despite not being compensated, Plaintiff successfully completed the Training Academy.

33.   From approximately March 15, 2018 through May of 2019, Plaintiff worked as an Investigator for the SCSPCA.

34.   During this time period, Plaintiff worked between forty-five (45) and sixty (60) hours per week and did not receive overtime compensation.

35.   Again, Defendant did not track or otherwise record Plaintiff's work hours during this period of time.

36.   In May 2019, Plaintiff complained to management personnel about the Agency's wage and hour violations; specifically, overtime compensation and minimum wage violations occurring during her time in the Training Academy.

37.   In response, Plaintiff's hours were substantially reduced and for the first time in her tenure, she was required to punch a time clock.

38.   From May 2019 through the present, Defendant has recorded Plaintiff's work hours. However, Defendant has continued to deny Plaintiff overtime compensation.

39.   Between May 2019 and the present, Plaintiff has rarely worked in excess of forty (40) hours per week.

40.   At all times relevant herein, Plaintiff performed the essential functions of her position in a satisfactory manner and has satisfied all conditions precedent to payment in accordance with the established terms and conditions of her employment.

41.    At all times relevant herein, Defendant failed to maintain time records for all hours worked by Plaintiff and those employees and/or Investigators who are and were similarly situated.

42.    Defendant willfully disregarded and purposely evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time sheets and payroll records.

43.    At all times relevant herein, Defendant failed to reimburse Plaintiff for her uniforms and job related equipment.

44.    Defendant failed to post notices explaining wage and hour requirements in conspicuous locations as required by the FLSA, 29 C.F.R §516.4 and the NYLL, N.Y.C.R.R. 12 § 137-2.3.

45.    During Plaintiff's tenure, Defendant also failed to provide her with written notice of her wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195(1).

46.    In addition, Defendant failed to provide Plaintiff with wage statements, in accordance with NYLL § 195(3).

### *Allegations of Gender Discrimination*

47.    Plaintiff is Defendant's only female employee.

48.    Plaintiff performed her assigned job duties in a more than satisfactory manner.

49.    However, during Plaintiff's tenure with Defendant, she was discriminated against on the basis of her gender and subjected to various forms of sexual harassment, including but not limited to the following events:

50.     Beginning in or around April 2019 and continuing through the present, Plaintiff was subjected to biased comments about her gender and work performance.

51.     She was told repeatedly that her work performance was embarrassing to Defendant's male employees, spoken to in a sexist and demeaning manner and treated differently than the other members of the SCPCA all of whom were men.

52.     Additionally, Plaintiff has been threatened with termination on an almost weekly basis, advised by her supervisors that the "Chief" of the Agency was instructing employees and SCSPCA agents to "torture" her by and amongst other acts, creating a folder of fictional workplace transgressions and violations in order to terminate Plaintiff's employment and replace her with a male investigator.

53.     Despite this persistent campaign of discrimination and harassment, Plaintiff performed her assigned job duties in the professional manner in which she was trained and received regular praise and accolades from the community the SCSPCA serves.

54.     Upon issuance and receipt of false and pretextual criticisms of her job performance and upon being advised that said criticism was the result of a campaign to remove Plaintiff from her assigned position, Plaintiff complained to her supervisors in and around May or June of 2019.

55.     Plaintiff's complaints were specific and confirmed she had been subject to unlawful, gender-based discrimination.

56.     Defendant took no corrective action in response to Plaintiff's complaints of discrimination.

57.   Plaintiff was instead subject to retaliation.

58.   Plaintiff was restricted to work only at her desk as opposed to the fieldwork she was trained and hired to perform. Additionally, her work hours were reduced substantially.

59.   The unlawful retaliation and discrimination to which Plaintiff was subjected manifested itself in the form of numerous written criticisms of her job performance - none of which were supported by facts or established procedural protocols.

60.   Defendant's campaign of harassment, discrimination and retaliation continues through the date of this filing.

## V. COLLECTIVE ACTION ALLEGATIONS

61.   Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

62.   This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

63.   This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees who work, or have worked, for Defendant.

64.   At all times relevant herein, Plaintiff, and the other FLSA collective action Plaintiffs, are and have been similarly situated, have suffered similar job requirements and pay provisions, are and have been subject to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, willfully failing and refusing to pay overtime pay at a rate of one and one-half (1.5) times

Plaintiffs' regular hourly rate for all hours worked in excess of forty (40) hours per week.

65.     Upon information and belief, there exist current and former employees who are similarly situated to this Plaintiff, whom, in violation of the FLSA, have been underpaid. The named Plaintiff is representative of those other workers and is acting on behalf of the interests of Defendant's current and former employees, as well as her own interest in bringing this action.

66.     Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly situated persons who work or have worked for Defendant at any time during the six (6) years prior to the filing of their respective consent forms.

67.     Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendant's common policies and/or scheme to violate the FLSA whereunder they failed to provide minimum wage and overtime wages at the rate of one and one-half (1.5) times the regular rate of pay for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

## VI.     FEDERAL RULE OF CIVIL PROCEDURE 23
## CLASS ACTION ALLEGATIONS

68.     Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

69.     Plaintiff also brings her NYLL claims on behalf of herself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23 Class") comprised of all persons who work or have worked for Defendant in the State of New York at any

time from the six (6) years prior to the filing of this Complaint to the entry of judgment in this case.

70.     The persons in the Rule 23 Class are so numerous that joinder of all members is otherwise impracticable.

71.     The persons in the Rule 23 Class are readily ascertainable. The names and addresses of such persons are readily available and can be obtained from Defendant for purposes of notice and any other purpose related to this action.

72.     Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

73.     The questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class include, but are not limited to:

a. Whether Defendant unlawfully failed to properly compensate Plaintiff(s) in violation of and within the meaning of New York Labor Law Article 6, §190, *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

b. Whether Plaintiff and the Rule 23 Class are "non-exempt" from entitlement to overtime compensation for all hours worked in excess of forty (40) hours per week;

c. What policies, practices and procedures Defendant implemented regarding payment of overtime compensation and minimum wage;

d. Whether Defendant failed to pay Plaintiff and the Rule 23 Class overtime

11

compensation for all hours worked in excess of forty (40) hours per week within the meaning of the NYLL Article 19 § 650, et seq. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

e. Whether Defendants failed to pay Plaintiff and the Rule 23 Class spread of hours pay by failing to pay an additional hour's pay when they worked more than ten (10) hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

f. The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

g. Whether Defendant's failure to pay Plaintiff and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per week, and failure to pay spread of hours pay was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

74.    Plaintiff's claims are typical of the claims of the Rule 23 Class she seeks to represent.  Plaintiff and the Rule 23 Class work, or have worked, for Defendants in non-exempt positions; have had their rights to immediate possession to their wages wrongfully interfered with by Defendant; and have not been paid overtime compensation or spread of hours pay.  Defendant acted and has refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

75.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All Class members were

subject to the same corporate practices of Defendant, as alleged herein, of wrongful conversion of earned compensation, failing to pay overtime compensation and failing to provide spread of hours pay.

76.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

77.     Plaintiff has retained counsel competent and experienced in both complex class actions and in labor and employment litigation.

78.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the necessary duplication of efforts and expense that numerous individual actions beget. The adjudication of individual claims would result in a great expenditure of Court and public resources; conversely, treating the claims would result in significant costs savings. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's policies, practices and procedures. Although the relative damages suffered by the individual members of the Rule 23 Class are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent

judgments about Defendant's practices.

79.    Current employees are often hesitant to assert their rights out of fear of direct or indirect retaliation.  Former employees are reluctant to bring claims because doing so can harm their present and future employment and further efforts to obtain employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing risks.

VII.    CLAIMS FOR RELIEF

FIRST CAUSE OF ACTION
FAILURE TO PAY OVERTIME UNDER THE FLSA

80.    Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

81.    Defendant has been and remains an employer engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

82.    Defendant was required to pay Plaintiff no less than 1.5 times the regular rate at which she was employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

83.    At all relevant times, Defendant had a policy and practice of refusing to pay Plaintiff the proper overtime compensation for her hours worked in excess of forty (40) hours per workweek.

84.    Defendant was aware or should have been aware that the practices described

in this Complaint were unlawful, making its violations willful or reckless.

85.   Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

86.   Defendant failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

87.   As a result of Defendant's FLSA violations, Plaintiff has suffered damages by being denied an overtime premium in accordance with the FLSA in amounts to be determined at trial, and is entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY OVERTIME UNDER
THE NEW YORK LABOR LAW

88.   Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

89.   Under the New York Labor Law and supporting New York State Department of Labor Regulations, Defendant was required to pay Plaintiff 1.5 times her regular rate of pay for all hours she worked in excess of forty (40) per workweek.

90.   Defendant failed to pay Plaintiff the overtime wages to which she was entitled, violating N.Y. Lab Law § 650.

91.   Defendant willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff overtime.

92.    Due to Defendant's Labor Law violations, Plaintiff is entitled to recover from Defendant unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

93.    Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

94.    During various points in Plaintiff's tenure, Defendant failed to compensate her at the applicable minimum wage.

95.    Defendant is an employer under 29 U.S.C. § 203(d).

96.    Plaintiff is an employee under 29 U.S.C. § 203(e).

97.    Pursuant to 29 U.S.C. § 206, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" at least the statutory minimum wage.

98.    Plaintiff did not receive the statutory minimum wage for all hours worked.

99.    Consequently, by failing to pay the statutory minimum wage, Defendant violated the governing provisions of the FLSA.

100.   Upon information and belief, Defendant's failure to pay minimum wage was willful.

101.   By the foregoing reasons, Defendant is liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of

unpaid wages, interest, attorneys' fees and costs.

102.   Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation she received in each workweek are in the exclusive custody and control of Defendants.

### FOURTH CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE UNDER THE NYLL

103.   Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

104.   During Plaintiff's tenure, Defendant failed to compensate her at the applicable minimum wage.

105.   Defendant is an employer under NYLL Article 19 § 651(6) and supporting New York State Department of Labor Regulations.

106.   Plaintiff is an employee under NYLL Article 19 § 651(5) and supporting New York State Department of Labor Regulations.

107.   12 NYCRR § 142-2.1 requires that "[t]he minimum wage shall be paid for the time an employee is permitted to work or is required to be available for work at a place prescribed by the employer."

108.   NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

109.   Plaintiff did not receive the statutory minimum wage for all hours worked.

110.   Consequently, by failing to pay the statutory minimum wage, Defendant

violated the New York Labor Law § 190 et seq.

111.   Upon information and belief, Defendant's failure to pay minimum wage was willful.

112.   By the foregoing reasons, Defendant remains liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

113.   Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in each workweek are in the exclusive custody and control of Defendants.

### FIFTH CAUSE OF ACTION
### FAILURE TO PAY SPREAD-OF-HOURS PAY UNDER
### THE NEW YORK LABOR LAW

114.   Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

115.   Defendant willfully failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours, violating Part 146 § 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations.

116.   Due to Defendants' Labor Law violations, Plaintiff is entitled to recover from Defendant her unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE UNDER

## THE NEW YORK LABOR LAW

117.   Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

118.   Defendant willfully failed to supply Plaintiff with the required Notice and Acknowledgement of Pay Rate and Payday under § 195.1(a) within 10 business days of her first employment date.

119.   Due to Defendant's violations of N.Y. Lab. Law § 195.1, Plaintiff is entitled to recover from Defendant $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

### SEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT UNDER
### THE NEW YORK LABOR LAW

120.   Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

121.   Defendant willfully failed to supply Plaintiff with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

122.   Due to Defendant's violations of N.Y. Lab Law § 195.3, Plaintiff is entitled to recover from Defendant $250.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

### EIGHTH CAUSE OF ACTION
### RETALIATION UNDER THE FLSA

123.   Plaintiff repeats and realleges every preceding allegation as if set forth fully

herein.

124.   Plaintiff was retaliated against by Defendant in violation of the FLSA in response to her engagement in a protected activity.

125.   Specifically, Plaintiff's hours were reduced and her duties were altered following her complaints about Defendant's failures to pay her minimum wage and overtime wages as required by the Fair Labor Standards Act.

126.   As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

127.   As a further proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages. Therefore, Plaintiff is entitled to equitable and injunctive relief, attorneys' fees, and an award of liquidated and emotional damages in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
## RETALIATION UNDER THE NYLL

128.   Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

129.   Plaintiff was retaliated against by Defendant in violation of the NYLL in response to her engagement in a protected activity.

130.   Specifically, Plaintiff's hours were reduced and her duties were altered following her complaints about Defendant's failures to pay her minimum wage and overtime wages as required by the New York Labor Law.

131.   As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

132.   As a further proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages. Therefore, Plaintiff is entitled to equitable and injunctive relief, attorneys' fees, and an award of liquidated and emotional damages in an amount to be determined at trial.

**TENTH CAUSE OF ACTION**
**DISCRIMINATION ON THE BASIS OF SEX**
**UNDER THE NYSHRL**

133.   Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

134.   Plaintiff has been discriminated against by Defendant on the basis of her sex in violation of the NYSHRL in that Plaintiff suffered a hostile, sexist workplace.

135.   As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

136.   As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

137.   Defendant's conduct was committed with conscious disregard of Plaintiff's

rights.

138.   Plaintiff is entitled to an award of injunctive and equitable relief and an award of compensatory damages from Defendants in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION
## RETALIATION UNDER THE NYSHRL

139.   Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

140.   Plaintiff has been retaliated against by Defendant in violation of the NYSHRL because of her good-faith and lawful complaints concerning the unlawful and discriminatory treatment to which she was subjected.

141.   Specifically, Plaintiff's hours were reduced and her duties were altered following her complaints about the unlawful discrimination to which she was subjected.

142.   As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

## DEMAND FOR TRIAL BY JURY

143.   Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact this Complaint raises.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

i.   A declaratory judgment stating that the practices complained of herein

are each unlawful under the FLSA and the NYLL;

ii.    An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, preventing them from engaging in each of the unlawful practices, policies and patterns set forth herein;

iii.    An award to Plaintiff and those similarly situated for earned but unpaid overtime under the FLSA and the NYLL;

iv.    An award of earned but unpaid minimum wages due and owing Plaintiff and those similarly situated under the FLSA and the NYLL;

v.    An award to Plaintiff and those similarly situated for earned but unpaid spread-of-hours pay under the FLSA and the NYLL;

vi.    A monetary award to Plaintiff and those similarly situated for Defendant's failure to provide the N.Y. Lab. Law § 195.1 Notice;

vii.    A monetary award to Plaintiff and those similarly situated commensurate with Defendant's failure to provide the N.Y. Lab. Law § 195.3 Statements;

viii.    An award of liquidated damages as a result of Defendant's Labor Law violations;

ix.    An award of liquidated damages as a result of Defendant's willful FLSA violations;

x.    An award in an amount to be determined at trial for Defendant's violation of the FLSA's anti-retaliation provisions;

xi.     An award in an amount to be determined at trial for Defendant's violation of the NYLL's anti-retaliation provisions;

xii.     An award, inclusive of compensatory damages, emotional damages, and punitive damages, in an amount to be determined at trial for Defendant's violation of the NYSHRL's anti-discrimination provisions.

xiii.     An award, inclusive of compensatory damages, emotional damages, and punitive damages, in an amount to be determined at trial for Defendant's violation of the NYSHRL's anti-retaliation provisions;

xiv.     An award of pre-judgment and post-judgment interest;

xv.     An award of costs and expenses of this action, together with reasonable attorneys' fees and costs; and

xvi.     Such other and further relief as this Court deems just and proper.

Dated:     March 20, 2020
         Bohemia, New York           Respectfully submitted,

                                     ZABELL & COLLOTTA, P.C.
                                     *Attorneys for Plaintiff*

By:        _____
                Saul D. Zabell, Esq.
                Christopher K. Collotta, Esq.
                1 Corporate Drive, Suite 103
                Bohemia, New York 11716
                T: (631) 589-7242
                F: (631) 563-7475
                SZabell@laborlawsny.com
                CCollotta@laborlawsny.com