

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.Laborlawsny.com

**Saul D. Zabell, Esq.**
Email: SZabell@laborlawsny.com

July 21, 2020

**VIA ELECTRONIC CASE FILING**

The Honorable Joan M. Azrack
United States District Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    Pape v. The Suffolk County Society for
              the Prevention of Cruelty to Animals, et. al.
              Case No.: 20-CV-01490 (JMA) (ST)

Your Honor:

      This firm is counsel to Jennifer Pape, Plaintiff, in the above-referenced action. We submit the following in opposition to Defendant's Pre-Motion Conference Request. [ECF Dkt. 12]. For the reasons set forth herein, Defendant's proposed Motion to Dismiss must be denied in all respects.

**Plaintiff Pleads Facts Sufficient to Establish a Claim under the FLSA**

      Plaintiff's claims brought under the FLSA must not be dismissed. First and foremost, Plaintiff's claims arising under the FLSA should not be viewed as a lone claim, but must be distinguished from each other. Specifically, not all of Plaintiff's FLSA claims require Plaintiff to establish that Defendant SCSPCA is an enterprise. Second, controlling precedent confirms the ultimate determination as to "enterprise liability" remains an issue of fact that must be decided by a finder of fact.

      While enterprise liability must be established for claims made pursuant to the FLSA's overtime and minimum wage provisions, it is not required to advance a claim of retaliation. Under Section 15(a)(3) of the FLSA, it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding…" 29 U.S.C.A. § 215 (West). Under the FLSA, a person is defined as any "individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 136 29 U.S.C. § 203(a). Thus, the anti-retaliation provision of the FLSA does not apply only to employers; it applies to

"any person." *Centeno-Bernuy v. Perry*, 302 F. Supp. 2d 128, 135–36 (W.D.N.Y. 2003); *see also* Exhibit "1", U.S. Department of Labor Fact Sheet #77A (December 2011) (stating "because Section 15(a)(3) prohibits "any person" from retaliating against "any employee", the protection applies to <u>all</u> employees of an employer even in those instances in which the employee's work and the employer are not covered by the FLSA).

Plaintiff alleges she was retaliated against in violation of her lawfully protected complaints concerning her wages. Plaintiff is therefore unquestionably an employee protected by the FLSA's anti-retaliation provisions. Defendant SCSPCA is undisputedly a "person" prohibited from retaliating against Plaintiff. Accordingly, Plaintiff's FLSA retaliation claim cannot be dismissed.

Defendants' proposed Motion also fails because coverage under the FLSA is an issue of fact, not a jurisdictional issue. To establish enterprise liability under the FLSA, a plaintiff must establish that the defendant is an "enterprise engaged in commerce or in the production of goods for commerce" as a business that: "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000....." 29 U.S.C. § 203(s)(1)(A); *see also Ni Ping v. No. 1 Great Wall of Fulton 168*, No. 16-CV-1304 (SJF) (SIL), 2017 WL 1330323, at *3 (E.D.N.Y. Apr. 5, 2017). The plaintiff "bears the burden of establishing FLSA coverage to prove his employer's liability." *Id. see also Romero v. Jocorena Bakery, Inc.*, No. CV 09-5402 (SJF) (ETB), 2010 WL 4781110, at *2 (E.D.N.Y. Nov. 23, 2010) (holding that the requirement that the enterprise has at least $500,000 in annual gross sales is not a jurisdictional issue, but rather an element of plaintiffs' cause of action). The $500,000.00 threshold of annual gross volume of sales made or business done is not a jurisdictional requisite, but rather an elemental of Plaintiff's claim that must be proven. *See Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 350 (E.D.N.Y. 2014) (*quoting Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 301 (E.D.N.Y. 2009)). Therefore, Defendant's Motion to Dismiss must be denied as the issues in dispute are of a factual nature necessitating discovery.

### Defendants Seek to Improperly Limit Plaintiff's Claims under the FLSA and NYLL

Plaintiff asserts facts sufficient to support her minimum wage and overtime claims under the FLSA and NYLL. Nevertheless, Defendants allege that Plaintiff fails to assert a claim past a certain point in time – May, 2019. This is simply not true. The facts and circumstances surrounding Plaintiff's employment changed in May of 2019, only after she complained about Defendant SPSPCA's failure to compensate her in accordance with the FLSA and NYLL.

Plaintiff alleges that prior to her May, 2019 complaint about her wages, she worked between forty-five (45) to sixty (60) hours each week. Plaintiff further alleges that in retaliation for her complaint, her hours were substantially reduced and she rarely worked more than forty (40) hours in a week. Importantly, Plaintiff does not allege that she exclusively worked fewer than forty (40) hours in a workweek. Rather, Plaintiff merely alleges that it was no longer typical for her to work more than forty (40) hours in a workweek. Moreover, Plaintiff expressly pleads that Defendant SCSPCA failed to record the hours Plaintiff was forced to work as a "volunteer", during which time she performed duties similar to that of her own job duties. These allegations are sufficient to establish that Defendant SCSPCA continued to violate the FLSA and NYLL even after Plaintiff complained in May of 2019.

Plaintiff alleges facts sufficient to establish that Defendant SCSPCA violated the overtime and minimum wage provisions of the FLSA and NYLL, as well as the NYLL's record keeping provisions, throughout her employment. Any factual disputes to these claims must be resolved before a jury.

### Plaintiff's NYSHRL Claim against Laton is Consistent with Legal Precedent

Plaintiff's aider and abettor liability claim against Defendant Laton is viable. Defendants citation to *Reid v. Ingerman Smith, LLP* demonstrates a their misunderstanding of the applicable law. An individual may be held individually liable as an aider and abettor when the individual engages in discriminatory conduct. "The Second Circuit has held that, under section 296.6, employees who are not shown to have any power to do more than carry out personnel decisions made by others, but who actually participate in discriminatory conduct, can still be liable under the NYSHRL." *Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012). However, an individual cannot be held liable as an aider and abettor where the underlying claim of discrimination is made against that very individual. Here, Defendant Laton has been named as an aider and abettor because he facilitated and furthered Defendant SCSPCA's discriminatory conduct. Plaintiff does not allege that Defendant Laton aided and abetted his own violation of the NYSHRL. Accordingly, Plaintiff's claim is proper.

For the reasons set forth herein, Defendant's Motion to Dismiss must be denied in all respects. Counsel remains available should Your Honor require additional information in connection with this submission.

Respectfully submitted,

ZABELL & COLLOTTA, P.C.

Saul D. Zabell
cc:   Client; All Counsel (*Via* Electronic Case Filing)

# EXHIBIT 1

**U.S. Department of Labor**
Wage and Hour Division



(December 2011)

## Fact Sheet # 77A: Prohibiting Retaliation Under the Fair Labor Standards Act (FLSA)

*This fact sheet provides general information concerning the FLSA's prohibition of retaliating against any employee who has filed a complaint or cooperated in an investigation.*

The Wage and Hour Division of the Department of Labor administers and enforces the FLSA, the federal law of most general application concerning wages and hours of work. All covered nonexempt employees must be paid not less than the current federal minimum wage for all hours worked and overtime pay, at time and one half the regular rate, for all hours worked over 40 in a workweek. The Wage and Hour Division investigates FLSA violations through its complaint-based and directed investigation programs.

### Prohibitions

Section 15(a)(3) of the FLSA states that it is a violation for *any person* to **"discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."**

Employees are protected regardless of whether the complaint is made *orally* or *in writing*. Complaints made to the Wage and Hour Division are protected, and **most courts have ruled that internal complaints to an employer are also protected.**

### Coverage

Because section 15(a)(3) prohibits "any person" from retaliating against "any employee", the protection applies to all employees of an employer even in those instances in which the employee's work and the employer are not covered by the FLSA.

For additional information on FLSA Coverage, please visit Fact Sheet 14 at http://www.dol.gov/whd/regs/compliance/whdfs14.htm.

Section 15(a)(3) also applies in situations where there is no current employment relationship between the parties; for example, it protects an employee from retaliation by a former employer.

### Enforcement

Any **employee** who is **"discharged or in any other manner discriminated against"** because, for instance, he or she has filed a complaint or cooperated in an investigation, may file a retaliation complaint with the Wage and Hour Division or may file a private cause of action seeking appropriate remedies including, but not limited to, employment, reinstatement, lost wages and an additional equal amount as liquidated damages.

### Where to Obtain Additional Information

For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).

FS 77A