UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JENNIFER PAPE,

               Plaintiff,

     -against-

THE SUFFOLK COUNTY SOCIETY FOR THE
PREVENTION OF CRUELTY TO ANIMALS,

               Defendant.
-------------------------------------------------------------X

**ORDER**
20-cv-01490 (JMA) (JMW)

**WICKS, Magistrate Judge:**

     A proper request for admission under Rule 36 serves the laudable dual purpose of, first, "facilitat[ing] proof with respect to issues that cannot be eliminated from the case, and secondly, [narrowing] the issues by eliminating those that can be." Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. Defendant in this wage and hour case claims seven of nine RFAs served here are not proper, and therefore seeks a protective order under Rule 26.

     Plaintiff, a former employee of Defendant, commenced this action alleging that Defendant committed various wage and hour violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and that Defendant engaged in gender-based discrimination against Plaintiff in contravention of New York State Human Rights Law ("NYSHRL").

     On March 16, 2021, Plaintiff propounded to the Defendant nine RFAs. Defendant's motion for a protective order challenges seven, which Defendant contends "improperly seek admissions to the ultimate issues in this case." (DE 38 at 1.) Plaintiff asserts that Defendant "mistakenly construe[s] Plaintiff's requests to seek admissions to the ultimate issues in the case,"

and that the requests merely "seek[] admissions on factual issues so as to narrow the scope of the facts in dispute." (DE 39 at 1.) The RFAs ask that Defendant:

1. Admit that throughout Plaintiff's employment with Defendants, Plaintiff was compensated at an hourly rate.

2. Admit that Defendant failed to pay Plaintiff for time she spent enrolled in the Suffolk County Sheriff's Department Training Academy.

3. Admit that Defendant failed to record the time Plaintiff spent enrolled in the Suffolk County Sheriff's Department Training Academy.

4. Admit that Defendant failed to accurately record amount of time [*sic*] Plaintiff worked prior to May 2019.

5. Admit that in 2018, Plaintiff worked in excess of forty (40) hours per week for at least ten (10) weeks.

6. Admit that in 2019, Plaintiff worked in excess of forty (40) hours per week for at least ten (10) weeks.

7. Admit that Plaintiff performed in a satisfactory manner during the time of his [*sic*] employment with Defendants.

(DE 38 at 1–2.)

For the reasons stated below, Defendant's motion for a protective order is GRANTED, in part, as to requests 2, 3, 4, and 7, and is DENIED, in part, as to requests 1, 5, and 6.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 36 governs RFAs, which apply to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). RFAs "are not a discovery device, such as interrogatories, document demands, or depositions, nor are they to be considered substitutions for them . . . because they presuppose that the party proceeding under Rule 36 knows the facts or has the document and merely wishes its opponent to concede their genuineness." *Ohio Cas. Ins. Co. v. Twin City Fire Ins. Co.*, 14-CV-858 (NGG) (PK), 2020 WL

1698593, at *2 (E.D.N.Y. Apr. 8, 2020) (internal quotations and citations omitted); *see also* 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 2253–2254 (3d ed. 2021) ("Indeed unless the requesting party knows what the fact is it will not be in a position to make a request about it.").

When RFAs seek *pure* conclusions of law, they are inappropriate and objectionable. *See Davi v. Roberts*, 16-CV-5060 (RRM) (PK), 2018 WL 4636805, at *1 (E.D.N.Y. Sept. 26, 2018) (holding that, because RFA "sought a legal conclusion," the defendants' objections were appropriate); *Matysiak v. Spectrum Servs. Co., Inc.*, No 3:10 CV 1841 (CSH), 2014 WL 3819206, at *4 (D. Conn. Aug. 4, 2014) (holding that RFAs regarding FLSA coverage were inappropriate because they sought pure legal conclusions); *see also Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432–33 (S.D.N.Y. 2012) ("Although most of [plaintiff's] requests for admission were proper, several were not, as they ask defendants to admit to legal conclusions . . . . Although those legal conclusions may logically follow from the facts admitted, they may not be deemed by virtue of defendants' failure to respond.").

## DISCUSSION

### *Requests for Admission Nos. 1, 5, and 6*

Defendant contends that RFA 1, which seeks an admission that "Plaintiff was compensated at an hourly rate" is inappropriate, because "Plaintiff is seeking an admission of allegations which go to the very heart of her wage claims." (DE 38 at 2.) Plaintiff counters that "[t]he inquiry is purely factual, as the basis Plaintiff was compensated is not dispositive of any legal conclusion." (DE 39 at 1.) Whether Plaintiff was compensated at an hourly rate is precisely the type of question that will "lend clarity to the presentation of disputed facts in the litigation" as contemplated by Rule 36. *Neogenix Oncology, Inc. v. Gordon*, CV 14-4427 (JFB)

(AKT), 2017 WL 4233028, at *3 (E.D.N.Y. Sept. 22, 2017) (citation omitted).  RFA 1 is therefore appropriate and unobjectionable, and Defendant's motion for a protective order as to that request is denied.

Defendant similarly contends that RFAs 5 and 6, which request admissions that "Plaintiff worked in excess of forty (40) hours per week for at least ten (10) weeks" in 2018 and 2019 demand for "admission[s] that Plaintiff worked overtime, another central issue in this overtime wage case." (DE 38 at 1–2.)  But Defendant again misses the mark.  The amount of time that Plaintiff worked per week is a purely factual inquiry that demands no legal conclusion. *Compare with Matysiak*, 2014 WL 3819206, at *4 (RFA objectionable as requesting a legal conclusion where asked whether the FLSA applied to the business at issue). Even though admissions of fact may, of course, have legal implications as a result, that does not transform the RFA to a request for a legal conclusion. As Plaintiff correctly points out, "[a]n employee who works more than forty . . . hours may still be paid properly." (DE 39 at 2.)  Because RFAs 5 and 6 seek purely factual admissions, they are, like RFA 1, proper under Rule 36 and therefore unobjectionable.

Accordingly, Defendant is directed to respond to RFAs 1, 5, and 6.

***Requests for Admission Nos. 2, 3, and 4***

RFAs 2, 3, and 4 are all similar in that they request that Defendant admit that it *failed* to take some form of presumably appropriate action.  RFA 2 requests that Defendant admit that it "failed to pay Plaintiff for time she spent" enrolled in a training academy; RFA 3 requests that Defendant admit that it "failed to record the time Plaintiff spent enrolled" in the training academy; and RFA 4 requests that Defendant admit that it "failed to accurately record amount of time [*sic*] Plaintiff worked prior to May 2019." (DE 38 at 1.)  While, at first blush, these requests read as factual inquiries, a closer examination reveals that they indeed call for legal

4

conclusions. Should Defendant have to admit that it "failed" to act in the manner reflected in these RFAs, it would, in effect, be forced to admit to violating the FLSA. *See, e.g.*, 29 U.S.C. § 211(c) (requiring FLSA-covered employers to "make, keep, and preserve" wage and hour records); 29 U.S.C. § 206(a) (requiring employers to pay employees a minimum wage for hours spent working). Said differently, requiring Defendant to admit that it failed to pay Plaintiff or record Plaintiff's time would require it admit to purely legal conclusions, which is prohibited by Rule 36. *See Davi*, 2018 WL 4636805, at *1. As such, Defendant's application for a protective order as to RFAs 2, 3, and 4 is granted.

***Request for Admission No. 7***

RFA 7 requests that Defendant admit that Plaintiff "worked in a satisfactory manner" while employed by Defendant. (DE 38 at 2.) Although Plaintiff is correct that this request "is of a factual nature," she is likewise correct in conceding that this request is "vague." (DE 39 at 2.) Indeed, whether an employee worked in a satisfactory manner for the duration of her employment is not a question that "can be answered with a simple admit or deny without explanation" as is required by Rule 36. *S.C. Johnson & Son, Inc. v. Henkel Corp.*, No. 3:19CV00805 (AVC), 2020 WL 5640528, at *11 (D. Conn. Sept. 22, 2020); *see Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003) (". . . Requests for Admissions should be drafted in such a way that a response can be rendered upon a mere examination of the request.") (citation omitted). Rather, the acceptability of one's work can vary from month-to-month, week-to-week, and perhaps even day-to-day, and therefore such a question is more suitably posed in a deposition rather than pursued through an RFA. *See Twin City Fire Ins. Co.*, 2020 WL 1698593, at *2 (noting that RFAs are not meant to be substitutes for other discovery devices, such as depositions). Accordingly, Defendant is not required to respond to RFA 7.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for a protective order is GRANTED in part and DENIED in part. Defendant is directed to answer Plaintiff's RFAs 1, 5, and 6. Defendant need not answer Plaintiff's RFAs 2, 3, 4, and 7.

Dated:  Central Islip, New York
        June 2, 2021

**S O   O R D E R E D:**

_/s/ James M. Wicks_
JAMES M. WICKS
United States Magistrate Judge