**BOYD RICHARDS**
**Parker | Colonnelli**

Jacqueline L. Aiello, Esq.
jaiello@boydlawgroup.com

February 22, 2022

*via ECF*
Hon. James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York  11722

      Re:    *Pape v. The Suffolk County Society for the Prevention of Cruelty to Animals, et al.*, Case No. 2:20-cv-01490-JMA-JMW

Dear Magistrate Judge Wicks:

      Our office represents defendant The Suffolk County Society for the Prevention of Cruelty to Animals (the "SCSPCA") in this action. We write pursuant to the Court's February 15, 2022 order, directing the parties to submit letters on the issue of whether a conversation between a deponent and his counsel during a deposition break - - when no question is pending - - is protected by the attorney-client privilege. The SCSPCA submits that such communications are in fact protected.

      Both this Court and the Southern District have explicitly held that: "[t]he rules of this Court do not prohibit discussions between counsel and client during a deposition other than when a question is pending". Gavrity v. City of New York, 2014 U.S. Dist. LEXIS 132035 (E.D.N.Y. 2014) *citing* Few v. Yellowpages.com, LLC, 2014 U.S. Dist. LEXIS 96672 (S.D.N.Y. 2014).

      To illustrate, in Few, supra, the defendant criticized plaintiff and her counsel for communicating (potentially about the substance of her testimony) during a number of breaks throughout her deposition. Id. at *1. It must be noted that the conversations between counsel and plaintiff-deponent never occurred during the pendency of a question. Id. at *2. While defendant's counsel attempted to probe the substance of those conversations once back on the record, plaintiff's counsel directed his client not to answer on the basis that those conversations were protected by the attorney-client privilege. As a result, defendant sought an order permitting him to question plaintiff about the substance of her discussions with her attorney. Id.

      The basis for defendant's application was two-fold: (a) that an attorney may not talk to his client at any time during the deposition other than to find out whether a specific question called for privileged information; and (b) that the inquiring party may then ask the witness about the substance of discussions with her attorney because "the attorney-client privilege did not apply in any way whatsoever to their off-the-record discussions." Id. at *3. To support this argument, defendant principally relied on the holding in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. Pa. 1993).

**BOYD RICHARDS**

| MIAMI | FT. LAUDERDALE | TAMPA | WEST PALM BEACH | NEW YORK |
|---|---|---|---|---|
| 100 S.E. Second Street, Suite 2600 | 1600 W. Commercial Boulevard, Suite 201 | 400 N. Ashley Drive, Suite 1150 | 824 U.S. Highway One, Suite 100 | 1500 Broadway, Suite 505 |
| Miami, Florida 33131 | Fort Lauderdale, Florida 33302 | Tampa, Florida 33602 | North Palm Beach, Florida 33408 | New York, New York 10036 |
| Tel: 786-425-1045 Fax: 786-425-3905 | Tel: 954-848-2460 Fax: 954-848-2470 | Tel: 813-223-6021 Fax: 813-223-6024 | Tel: 561-624-8233 Fax: 561-624-8940 | Tel: (212) 400-0626 |

The Court in Few denied defendant's application and, just as in Gavrity, supra, held that "the rules of this court do not limit discussions between counsel and client during a deposition other than when a question is pending". Id. at *3.

In so holding, the Court looked to Local Civil Rule 30.4 for guidance, which only prohibits an attorney from initiating a private conversation with the deponent *while a question is pending*. Moreover, the Court compared this Court's predecessor rule (regarding conversations during depositions) with the current rule and found that the change in language exemplifies a conscious decision to protect communications with counsel during a break, so long as no question is pending. Specifically, the Court stated as follows:

> The predecessor rule -- embodied in an Eastern District standing order effective March 1, 1984 -- had incorporated a broader prohibition, barring a deponent's attorney from "initiat[ing] a private conference with the deponent during the actual taking of a deposition, except for the purpose of determining whether a privilege should be asserted." Standing Orders of the Court on Effective Discovery in Civil Cases, 102 F.R.D. 339, 351 (E.D.N.Y. 1984). The current rule, which applies both in this district and in the Eastern District, narrows the restriction on counsel to conferencing during the pendency of a question, **a change that obviously represents a deliberate decision to alter the scope of the prohibition.**

Id. at *5; *emphasis supplied*. On this basis, the Court in Few declined to compel plaintiff to disclose the substance of communications with counsel during the deposition breaks.

It is clear that the purpose of Local Rule 30.4 is merely to curb obstructive conduct. Indeed, coaching and other improper behavior has been the focus in past decisions when considering whether a deponent must be directed to reveal the substance of his or her conversations with counsel during depositions. See e.g. Musto v. Transp. Workers Union of Am., AFL-CIO, 2009 U.S. Dist. LEXIS 3174 (E.D.N.Y. 2009) (citing several decisions focused on the impropriety of influencing or coaching a deponent). Without any evidence of such inappropriate behavior, the recent decisions in this Circuit have held that the attorney-client privilege safeguards communications between counsel and deponent from disclosure, so long as they did not occur during the pendency of a question.

Here, during a natural break in the SCSPCA's deposition (for the restroom, water, etc.), the undersigned spoke briefly with Mr. Roy Gross, the SCSPCA representative. Once all parties returned from the break, Plaintiff's counsel sought to question Mr. Gross about the substance of his communications with the undersigned. Mr. Gross was directed not to answer. Thereafter, counsel jointly called the Court for a ruling. During that call, Plaintiff's counsel did not insinuate that the undersigned engaged in any improper or obstructive conduct. In fact, Plaintiff's counsel confirmed that no question was pending at the time of that break; that Mr. Gross did not seek to change any prior testimony given; and that he was not accusing the undersigned of any unethical or otherwise inappropriate behavior.

Indeed, this is true. After the break, Mr. Gross did not attempt to change any of his prior testimony, nor did the substance of his later testimony contradict prior testimony in any way.

**BOYD RICHARDS**

| MIAMI | FT. LAUDERDALE | TAMPA | WEST PALM BEACH | NEW YORK |
|---|---|---|---|---|
| 100 S.E. Second Street, Suite 2600 | 1600 W. Commercial Boulevard, Suite 201 | 400 N. Ashley Drive, Suite 1150 | 824 U.S. Highway One, Suite 100 | 1500 Broadway, Suite 505 |
| Miami, Florida 33131 | Fort Lauderdale, Florida 33302 | Tampa, Florida 33602 | North Palm Beach, Florida 33408 | New York, New York 10036 |
| Tel: 786-425-1045 Fax: 786-425-3905 | Tel: 954-848-2460 Fax: 954-848-2470 | Tel: 813-223-6021 Fax: 813-223-6024 | Tel: 561-624-8233 Fax: 561-624-8940 | Tel: (212) 400-0626 |

Surely there is no evidence of any improprieties that Plaintiff's counsel could rely upon so as to argue that the attorney-client privilege does not protect our communications. And without any such evidence, there is no basis to probe the substance of those discussions.

   As a result, the SCSPCA respectfully requests that this Court deny Plaintiff's application directing Mr. Gross to reveal the substance of his communications with the undersigned. We thank the Court for its consideration of this dispute.

                Respectfully submitted,

                /s/

                Jacqueline L. Aiello, Esq.