UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
JENNIFER PAPE, in her individual capacity and on
behalf of others similarly situated,

                Plaintiff,                                     <u>**MEMORANDUM**</u>
                                                                                         <u>**AND ORDER**</u>
                -against-                                    20-cv-01490 (JMA) (JMW)

THE SUFFOLK COUNTY SOCIETY FOR THE
PREVENTION OF CRUELTY TO ANIMALS and
STEPHEN LATON in his individual capacity,

                Defendants.
----------------------------------------------------------------X

**A P P E A R A N C E S:**

**Christopher Keith Collotta**
Saul D. Zabell
Ryan M Eden
Zabell & Collotta, P.C
1 Corporate Drive, Suite 103
Bohemia, NY 11716
(631) 589-7242
*Attorney for Plaintiff Jennifer Pape*

**Bryan J. Mazzola**
Jacqueline Aiello
Elissa Rossi
Boyd Richards Parker & Colonnelli PLLC
90 Park Avenue, 23rd floor
New York, NY 10016
*Attorney for Defendant The Suffolk County Society for the Prevention of Cruelty to Animals*

**Kyle T Pulis**
Scott M. Mishkin
Scott Michael Mishkin PC
One Suffolk Square Suite 240
Islandia, NY 11749
*Attorney for Defendant Stephen Laton*

**WICKS,** Magistrate Judge:

> *Is a conversation between a deponent and their counsel that occurred during a break in the deposition, taken at a point when there was no question pending, protected by attorney-client privilege?* Maybe.

Plaintiff Jennifer Pape, on behalf of herself and other similarly situated employees and/or former employees, commenced this civil action pursuant to the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and other rules, regulations, statutes and ordinances, alleging that Defendant The Suffolk County Society for the Prevention of Cruelty to Animals ("SCSPCA") failed to compensate employees at the appropriate minimum wage rate of pay, failed to provide overtime compensation at a rate not less than time and one half their hourly rate of pay for hours worked for hours in excess of forty (40) per week, failed to provide required wage notices, and failed to track and record employee work hours. (DE 1.) In addition to her wage and hour claims, Plaintiff alleges that she was subject to unlawful, gender-based discrimination and retaliation by SCSPCA and Defendant Stephen Laton ("Laton") for engaging in a statutorily protected activity under The New York State Human Rights Law, N.Y. Executive Law section 296, *et. seq.* (*Id.*).

## **RELEVANT BACKGROUND**

On February 15, 2022, during the deposition of a key witness, SCSPCA representative Roy Gross, the parties jointly called the undersigned to resolve a deposition dispute. (DE 57 at 2.) The undersigned heard arguments during the deposition where Plaintiff's counsel raised three issues. (DE 53 at 1.) The *first* issue concerned the direction by Defendant SCSPCA's counsel for Mr. Gross not to answer questions concerning a consultation between attorney and client during a break in the deposition, but not while a question was pending. (*Id.*) The *second* issue involved Plaintiff's questioning about notes created by Mr. Gross in preparation for the deposition. (*Id.*) And the *third*

2

issue concerned the direction by Defendant SCSPCA's counsel for Mr. Gross not to answer questions about whether he and Defense counsel rehearsed questions and answers in preparation for the deposition. (*Id.*)

The Court ruled on the second and third issues on the record during the hearing.[1] As to the first issue, the Court deferred ruling as to whether the conversation between Mr. Gross and Defense counsel that occurred during a break in the deposition, at a point when there was no question pending, is protected by attorney-client privilege. (*Id.*) The Court ordered the parties to file separate letters as to their respective positions on the issue on or before February 22, 2022. (*Id.*) Only Defendant SCSPCA filed its position letter. (DE 57.) Plaintiff, who made the application in the first instance, did not file any letter.

## **DISCUSSION**

The basis for the direction not to answer was "attorney-client privileged" communication, which is one of the few bases to properly direct a witness not to answer. *See* Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)"). So, although the basis was correct, the question remains whether in fact such a communication, namely, a discussion between attorney and client at a break in a deposition, is indeed privileged.

---

[1] Specifically, as to the second issue, the Court sustained Defense counsel's objection to Plaintiff's request for the production of notes created by Mr. Gross during the course of his deposition preparation on the grounds that such notes are protected by attorney-client privilege. (DE 53 at 1.) As to the third issue, the Court sustained Defense counsel's objection to Plaintiff's questioning regarding whether Defense counsel and Mr. Gross rehearsed questions and answers during the witness preparation also based on attorney-client privilege. (*Id.*)

### A. Attorney-Client Privilege

"The attorney-client privilege protects from disclosure confidential communications made for the purpose of obtaining legal advice." *United States v. Town of Oyster Bay*, No. 14-CV-2317 (GRB) (SIL), 2022 WL 34586, at *3 (E.D.N.Y. Jan. 3, 2022) (internal quotations omitted). "The attorney-client privilege covers any 'communication between client and counsel or his employee, that was intended to be and was in fact kept confidential, and . . . was made in order to assist in obtaining or providing legal advice or services to the client.'" *Spread Enterprises, Inc. v. First Data Merch. Servs. Corp.*, No. CV 11-4743 ADS ETB, 2013 WL 618744, at *1 (E.D.N.Y. Feb. 19, 2013). The attorney-client privilege encompasses information provided to the lawyer by the client as well as the professional advice given by the attorney that discloses such information. *Bell v. Pfizer Inc.*, No. 03 CV 9945(KMW)(HBP), 2006 WL 2529762, at *4 (S.D.N.Y. Aug. 31, 2006).

### B. Discussions Between Attorney and Client During a Deposition

In analyzing whether a communication during a deposition between lawyer and client is privileged, the applicable Federal and local rules must be considered. Under Federal Rule of Civil Procedure 30(c), depositions generally are to be conducted under the same testimonial rules as are trials. *See L. Firm of Omar T. Mohammedi, LLC v. Compt. Assisted Prac. Elec. Mgmt. Sols.*, No. 17 CIV 4567(ER)(HBP), 2018 WL 5016605, at *2 (S.D.N.Y. Oct. 16, 2018); Jay E. Grenig & Jeffrey S. Kinsler, Handbk. Fed. Civ. Disc. & Disclosure § 5:31 (4th ed. 2021). Rule 30(c)(1) states:

> [t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615. After putting the deponent under oath or affirmation, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer.

Fed. R. Civ. P. 30(c)(1).

Local Rule 30.4 of the United States District Courts for the Southern and Eastern Districts of New York states that "[a]n attorney for a deponent shall not initiate a private conference with the deponent while a deposition question is pending, except for the purpose of determining whether a privilege should be asserted."  However, when there is no question pending, discussions between counsel and client do not violate any express rule and are permissible.  *See Gavrity v. City of N.Y.*, No. 12-CV-6004 (KAM)(VMS), 2014 WL 4678027, at *2 (E.D.N.Y. Sept. 19, 2014) ("The rules of this Court do not prohibit discussions between counsel and client during a deposition other than when a question is pending . . .") (internal quotations and citations omitted).  That said, the courts have cautioned that "[a]ttorney-client conferences should be kept to a minimum."  *Id.*  The rationale is obvious: to avoid *improper* coaching of a witness under oath.

The leading case on the issue hails from Pennsylvania, *Hall v. Clifton Precision*.[2]  In *Hall* the question was "to what extent may a lawyer confer with a client, off the record and outside earshot of the other lawyers, during a deposition of the client."  *Id.* at 526.  The *Hall* court held that private conferences during a deposition are impermissible irrespective of whether a question is pending.[3]  *Hall*, 150 F.R.D. at 529.  The *Hall* court reasoned that a deposition is akin to a civil trial, explaining:

> [d]uring a civil trial, a witness and his or her lawyer are not permitted to confer at their pleasure during the witness's testimony. Once a witness has been prepared and has taken the stand, that witness is on his or her own. The same is true at a deposition. The fact that there is no judge in the room to prevent private conferences does not mean that such conferences should or may occur. The underlying reason for preventing private conferences is still present: they tend, at the very least, to give the appearance of obstructing the truth.

---

[2] John Gaal & Louis P. DiLorenzo, *Preparing Witnesses for Depositions: Know Your Boundaries*, N.Y. ST. B.J., May 2018, at 24, 26.

[3] The *Hall* court did recognize a limited exception to this rule where the attorney needs to determine whether a privilege should be asserted.  *Hall*, 150 F.R.D. at 529.

5

*Id.* at 528.

The court concluded that an attorney and client do not have an absolute right to confer during the course of the client's deposition. *Id*. The court explained that "the fortuitous occurrence of a coffee break, lunch break, or evening recess is no reason to change [this] rule," and found that conferences between a deponent and their attorney are prohibited both during the deposition and during recesses.[4] *Id.* at 529. To the extent that these conferences do occur, however, their substance is not covered by attorney-client privilege—at least as to what is said by the attorney to the deponent. *Id.* at 532 n.7.

The reasoning in *Hall* appears sound. Indeed, *Hall* is cited in countless opinions across the country, and has been written about and lectured probably as equally as much. However, although cited frequently, courts have not followed in *Hall*'s footsteps unanimously. While certain courts in sister states have agreed with *Hall*'s strict prohibition on private conferences due to the nature of the deposition process (*see, e.g.*, *Chassen v. Fid. Nat. Tit. Ins. Co.*, Civil Action No. 09-291, 2010 WL 5865977, at *2 (D.N.J. July 21, 2010) (permitting redeposition of a witness to question the witness about her communications with counsel during a recess); *Vnuk v. Berwick Hosp. Co.*, 3:14-CV-01432, 2016 WL 907714, at *4 (M.D. Pa. Mar. 2, 2016) ("Once the deponent is sworn and the deposition begins, counsel and his or her client are not permitted to confer about the subject matter of the deponent's testimony. Any such communication contrary to this rule is not privileged and must be disclosed to opposing counsel upon such counsel's inquiry"), others have departed from *Hall*'s strict prohibition on private conferences, albeit to varying degrees (*see, e.g.*, *In re*

---

[4] Commentators have noted that this so-called *Hall* "no consultation rule" is one of the most "comprehensive variation of conduct rules" that limits the rights to conference during a deposition. Gavin, *Playing by the Rules*, 1999 L. REV. MICH. ST. U. DET. COLL. L. at 675 n.13.

*Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 622 (D. Nev. 1998) (disagreeing with the contention that "any conference counsel may have with the deponent during a deposition waives the claim of privilege as to the communications between client and counsel during any conference or other break in the deposition"); *Odone v. Croda Int'l. PLC*, 170 F.R.D. 66, 69 (D.D.C. 1997) ("Waiving the attorney-client privilege could have a chilling effect on cautious attorneys, who might avoid giving advice on non-testimonial matters for fear of violating the court's directive") (internal quotation marks omitted)). Indeed, some courts have deemed *Hall* too restrictive in its prohibition on private conferences during depositions. *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. at 621 ("While this Court agrees with the *Hall* court's identification of the problem, it feels *Hall* goes too far in its solution"); *Murray v. Nationwide Better Health,* No. 10-3262, 2012 WL 3683397, at *4 (C.D. Ill. Aug. 24, 2012) ("Several cases have held that the *Hall* case goes too far by prohibiting any conferences except when the purpose of the conference is to decide whether to assert a privilege"). Courts have found that the search for the truth is protected so long as conferences are prohibited when a question is pending. *See, e.g., McKinley Infuser, Inc. v. Zdeb*, 200 F.R.D. 648, 650 (D. Colo. 2001) (conferences during "periodic deposition breaks, luncheon and overnight recesses, and more prolonged recesses" are ordinarily appropriate); *In re Stratosphere*, 182 F.R.D. at 621 ("So long as attorneys do not demand a break in the questions, or demand a conference between question and answers, the Court is confident that the search for truth will adequately prevail"); *Murray*, 2012 WL 3683397, at *4–5 ( "[T]his Court holds that defense counsel may have a private conference with [deponent] during a recess that counsel did not request (and so long as a question is not pending), during the hour break already scheduled by the Court, and at any time for the purpose of determining whether a privilege should be asserted").

7

Persuasive to this Court is that other district courts within this Circuit have generally declined to follow *Hall* and have found the substance of these private conferences—when no question is pending—to be protected by the attorney-client privilege. *See, e.g., Few v. Yellowpages.com*, No. 13 CV. 4107 RA MHD, 2014 WL 3507366, at *2 (S.D.N.Y. July 14, 2014) ("Finally, in any event, defendant does not explain or justify its assertion that conversations between counsel and his client, if undertaken during deposition breaks, are outside the purview of the attorney-client privilege and hence subject to compelled disclosure by the client . . . "); *TD Bank v. JP Morgan Chase Bank*, No. CV 10-2843 (JG)(ARL) (E.D.N.Y. Apr. 12, 2011) (concluding that conversations during a deposition break are privileged where consultations with counsel are permitted, except when a question is pending); *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 92 (N.D.N.Y. 2003) ("[*Hall*] has not been followed by the Second Circuit or by any district court within the circuit. . . To gain [the information discussed during a deposition break] may truly intrude upon the attorney-client privilege and the work product doctrine").

The application of this rule by the Eastern District is precise and appears to depend on the context and precise nature of the question to the witness. *See, e.g., Gibbs v. City of New York*, No. CV-06-5112 ILGVVP, 2008 WL 789838, at *2 (E.D.N.Y. Mar. 21, 2008). In *Gibbs*, following a break for lunch, the defendant witness testified that he discussed his deposition testimony with his counsel. *Id.* Later, the witness advised plaintiff's counsel that he wished to "clarify testimony" given prior to the lunch break. *Id.* Plaintiff's counsel asked the following question:

> I'm asking you when you walked out the door to go to lunch before you had a conversation with your attorney about the deposition on your own, did it suddenly come to you that you made a mistake and you needed to make a clarification?

*Id.* The Court found that the question posed to the witness, as phrased, did not seek to invade the contents of any communication between the witness and his counsel, but rather sought to

8

*exclude* from consideration any such communication with a simple "yes" or "no." *Id.* Further, at most, the answer "no" would implicate a conversation between the witness and his counsel but would not disclose any privileged content what was said. *Id.* And so, the Court directed the witness to provide an answer to the question. *Id.*

### i. Coaching or Refreshing the Witness's Recollection?

While *Gibbs* demonstrates the importance of reviewing the question as posed to the witness, it is equally important to consider the content of the discussion between attorney and client. For instance, discussions between attorney and client "as to how a question should be handled" are not protected by the attorney-client privilege. *See Wade Williams Distribution, Inc. v. Am. Broad. Companies, Inc.*, No. 00 CIV. 5002 (LMM), 2004 WL 1487702, at *1 (S.D.N.Y. June 30, 2004). Indeed, "[opposing] counsel has the right to ask about matters that may have affected or changed the witness's testimony." *Id.* This is particularly true where there are claims of improper interference or coaching by the deponent's attorney. *See Musto v. Transp. Workers Union of Am.*, AFL-CIO, No. 03-CV-2325 DGT RML, 2009 WL 116960 (E.D.N.Y. Jan. 16, 2009) (permitting plaintiff to explore further through additional testimony why the deponent's testimony changed between his direct deposition testimony and cross-examination, where the witness conferenced with counsel in between the two).

It necessarily follows that improper coaching by an attorney to "remind" the witness, or "refresh the recollection" of a witness as to what their testimony should be during a break in the deposition would not be protected by the attorney-client privilege and thus subject to disclosure. *See generally* Fed. R. Evid. 612(b) ("adverse party is entitled to have the writing [used to refresh a witness's memory] produced at the hearing, to inspect it, to cross-examine the witness about it,

9

and to introduce in evidence any portion that relates to the witness's testimony"); [5] *see Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.*, 232 F.R.D. 103, 112 (S.D.N.Y. 2005) ("It is true . . . that the privilege guarding such discussions will not protect pre-deposition conversations that are held to refresh a deponent's memory").[6] Thus, if the conversation between attorney and client led to the witness's recollection being refreshed, that conversation loses its privileged status.

## APPLICATION OF THE PRINCIPLES HERE

The present issue is whether the conversation between the deponent, Mr. Gross, a SCSPCA representative, and Defendant SCSPCA's counsel that occurred during a break in the deposition, taken at a point when there was no question pending, is protected under attorney-client privilege. In support of its argument that these conversations are protected under attorney-client privilege, Defendant SCSPCA asserts that the private conversation occurred during a "natural break in the SCSPCA's deposition," when no question was pending. (DE 57 at 1–2.) Plaintiff's counsel confirmed that there was no question pending at the time of the break. (*Id*. at 2.) As noted above, Plaintiff did not file any letter response.

The Court finds that the conversation between Mr. Gross and Defense counsel that occurred during a natural break in the deposition when no question was pending is protected by the attorney-client privilege. It is clear from the holdings of the district courts within this Circuit, as well as Local Rule 30.4, that the restriction on counsel conferencing with a witness during a deposition is limited to *during the pendency of a question*. Plaintiff does not contend, nor does the

---

[5] Rule 612 "has been held applicable to deposition testimony pursuant to Federal Rule of Civil Procedure 30(c)." *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 637 (E.D.N.Y. 1997) (reasoning that the mandatory language in Rule 612 "prevails when pitted against a claim of privilege").

[6] While the discussion between attorney and client in *Exp.-Imp. Bank of the U.S.*, occurred prior to the start of the deposition, the Court finds no practical difference between a conversation to remind the witness of facts before a deposition begins or during a recess.

Court find, that a question was pending at the time of the deposition break, or that defense counsel initiated a conversation with the witness prompting a break.

However, there is no blanket protection under the attorney-client privilege. *See supra* Section B. If during the course of the break Defense counsel instructed Mr. Gross on how to answer Plaintiff's questions, or "reminded" him of certain facts, those conversations *would not* be protected by the attorney-client privilege and *would* be subject to questioning by Plaintiff's counsel. There is no indication that questions were even asked of this witness as to whether the conversation with counsel refreshed the witness's recollection. If it did, then the questioner could explore further to determine whether there was a waiver of the privilege; if it did not, then the inquiry ends. When a direction not to answer is based upon the assertion of a privilege, the questioning lawyer can always explore whether the communication was indeed privileged or waived. Here, Plaintiff has not asserted any claim of impropriety or coaching by Defense counsel, or that anything refreshed the witness's recollection, or that the privilege was otherwise waived (such as the presence of a third party).[7] There is no claim by Plaintiff that Mr. Gross changed the course of his testimony after speaking with Defense counsel during the short recess. Under these circumstances, Plaintiff has failed to identify any legal support, and the Court has not independently uncovered any, which requires, in the absence of a claim of impropriety or coaching, a deponent to disclose the content of their conversation with counsel during a natural break in a deposition while there is no question pending.

Therefore, the Court finds that the substance of Mr. Gross' conversation with his attorney is protected under attorney-client privilege.

---

[7] As Defendant SCSPCA points out in its position letter [DE 57], no claims of impropriety have been made here. *See* DE 57) ("In fact, Plaintiff's counsel confirmed . . . that Mr. Gross did not seek to change any prior testimony given; and that he was not accusing the undersigned of any unethical or otherwise inappropriate behavior").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's application for an Order directing Mr. Gross to reveal the substance of his communications with Defense counsel is denied.

Dated: Central Islip, New York
April 12, 2022

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge